**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RUIZ FOOD PRODUCTS, INC., a California Corporation,<br><br>        Plaintiff - Appellant,<br><br>   v.<br><br>CATLIN SYNDICATE LIMITED, sued as Certain Underwriters at Lloyd's of London Subscribing to Policy No. PCI937441010,<br><br>        Defendant - Appellee. | No. 12-17283<br><br>D.C. No. 1:11-cv-00889-BAM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ruiz Food Products, Inc. appeals from a summary judgment entered in favor of its insurance carrier, Catlin Syndicate Limited. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and affirm.

**1.** We review de novo a district court's rulings on cross-motions for summary judgment. *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1086 (9th Cir. 2013). In California, the interpretation of an insurance contract is a question of law. *See Oliver Mach. Co. v. U.S. Fid. & Guar. Co.*, 232 Cal. Rptr. 691, 695 (Ct. App. 1986).

**2.** The district court properly concluded there was no coverage under the Catlin policy, which insured against "accidental or unintentional contamination, impairment or mislabelling of an Insured product(s), which occurs during or as a result of its production, preparation, manufacture, packaging or distribution . . . ."

**a.** In light of the negative tests for the presence of salmonella in Ruiz's products and ingredients, there was no evidence of actual contamination.

**b.** The mere risk of contamination did not trigger coverage. The policy covers only contamination that actually "occurs."

---

[1]    With the parties' consent, a magistrate judge conducted the proceedings below. *See* 28 U.S.C. § 636(c)(1); *see also id.* § 636(c)(3) (providing for appellate jurisdiction).

**c.** Neither a recall of Ruiz's product nor the economic effect of the recall was an "impairment" of an insured product under the policy.

**3.** Because there was no coverage under the policy, Catlin did not breach the duty of good faith and fair dealing. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995).

**AFFIRMED.**